IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) 2:21-cr-507 |
| v. | ) |
| | ) |
| | ) |
| JEFFREY TUMER, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

In January 2022, Defendant Jeffrey Tumer entered a written plea agreement with the government and pled guilty to several serious criminal charges, including one count of being a felon in possession of a firearm. ECF 10. On May 17, 2022, the Court entered final judgment and sentenced Mr. Tumer to 84 months of imprisonment. ECF 26.

Mr. Tumer, proceeding *pro se*, now moves under 28 U.S.C. § 2255 to vacate his sentence as to the firearm charge, arguing that the Supreme Court's 2019 decision in *Rehaif v. United States* rendered Section 922(g) unconstitutional. ECF 37-1, p. 1.[1] The Court denies the motion for at least two reasons.

First, the motion is untimely. A prisoner must file a Section 2255 motion within one year of the date on which the judgment of conviction became final, or the motion is barred as untimely. 28 U.S.C. § 2255(f)(1). Mr. Tumer's conviction became final on May 17, 2022, meaning he must have filed his motion on or before May 17, 2023. His motion, dated December 27, 2023 and docketed on January 18, 2024, is untimely by over seven months. ECF 37-1. Therefore, the motion must be denied as

---

[1] Mr. Tumer's original motion was styled as being brought under 28 U.S.C. § 2241, but the Court previously issued an order construing it as a Section 2255 motion. ECF 38.

untimely. *United States v. Cox*, No. 19-135, 2023 WL 2307123, at \*2 (W.D. Pa. Mar. 1, 2023) (Horan, J.).[2]

Second, even if the motion were timely, it fails on the merits. Mr. Tumer correctly argues that the Supreme Court's decision in *Rehaif* "narrowed the scope of 922(g) by interpret[ing] it to require [proof of the defendant's] knowledge of one's prohibited status [as a felon] at the time the firearm is possessed." ECF 37-1, p. 4; *United States v. Gale*, No. 19-12, 2022 WL 17821615, at \*5 (W.D. Pa. Dec. 20, 2022) (Ranjan, J.) (*Rehaif* "held for the first time that in Section 922(g) cases, the government must prove not only that the defendant knew he was in possession of a gun, but also that he knew of his status as a felon."). But that doesn't mean his sentence is unconstitutional; it means that the government had to prove that Mr. Tumer knew his status as a felon. And based on his answers to the Court's colloquy during the change-of-plea hearing, the Court concludes that Mr. Tumer, in fact, knew that he was a felon. ECF 43, 16:12-16 (counsel for government explaining government would have to prove Mr. Tumer knew that he had been convicted of a felony), 30:24-31:7 (Mr. Tumer agreed with the government's recitation of the law and responded "yes" when asked, "did you possess a firearm as a convicted felon in violation of federal law"); *see Gale*, 2022 WL 17821615, at \*4, \*6.

Because Mr. Tumer has presented no facts showing that he did not know his status as a felon, and because the record shows that he did know his status, the Court finds that Mr. Tumer is not entitled to relief.[3]

\*   \*   \*

---

[2] Nor is there a basis to excuse the untimeliness of the motion because *Rehaif* was decided more than two years before Mr. Tumer was even charged.

[3] There are other reasons why Mr. Tumer's motion fails, including the fact that the collateral-waiver provision in his plea agreement bars his claim, and the fact that

**AND NOW**, this **24th day of July, 2024**, upon consideration of Defendant Jeffrey Tumer's Section 2255 motion to vacate his sentence (ECF 37), it is hereby **ORDERED** that, for the foregoing reasons, Defendant's motion is **DENIED**.

BY THE COURT:

*/s/ J. Nicholas Ranjan*
United States District Judge

---

even if the Court were to vacate the 84-month sentence, Mr. Tumer must still serve a concurrent 84-month sentence on a separate drug conviction. ECF 26; *United States v. Robinson*, No. 15-596, 2021 WL 5083992, at *2 (E.D. Pa. Nov. 2, 2021) (denying Section 2255 motion to vacate 922(g) conviction where Defendant was sentenced to concurrent term of imprisonment for drug conviction under concurrent sentence doctrine).